UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

AKEEM CRUZ,                          )
                                     )
              Petitioner,            )
                                     )
       v.                            )        2:18-cr-00143-JDL-1
                                     )        2:22-cv-00318-JDL
                                     )
UNITED STATES OF AMERICA,            )
                                     )
              Respondent             )

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 598.) Following a guilty plea, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine base and heroin; the Court sentenced Petitioner to 100 months in prison. (Judgment, ECF No. 553.) The First Circuit affirmed. *United States v. Cruz*, 49 F.4th 646 (1st Cir. 2022).

Petitioner claims his attorney provided ineffective assistance by failing to object to a sentencing enhancement for taking an organizing or leading role within the conspiracy. (Motion at 4, Memorandum at 3–7, ECF No. 598-1.) The Government requests dismissal. (Response, ECF No. 607.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In September 2018, the grand jury indicted Petitioner and Sierrha Frisbie, his romantic partner at the time, on one count of conspiracy to distribute and to possess with intent to distribute heroin.  (Indictment, ECF No. 1.)  In March 2019, the grand jury issued a superseding indictment adding cocaine base to the listed substances and adding four other coconspirators, Christopher Rickett, Lamale Lawson, Melquan Jordan, and Edward Canty III.  (Superseding Indictment, ECF No. 54.)  In August 2019, Petitioner pled guilty pursuant to a plea agreement.  (Guilty Plea, ECF No. 191; Plea Agreement, ECF No. 190.)

The Probation Office recommended a criminal history category of IV and a total offense level of twenty-nine, which was the product of a base offense level of twenty-six, a two-point enhancement for the use of violence during the course of the offense, a four-point enhancement for an organizer or leader role, a two-point reduction for acceptance of responsibility, and a related one-point reduction for assisting authorities by pleading guilty. (Presentence Investigation Report (PSR) ¶¶ 20–29, 40–41.)  The recommended guideline sentencing range was 121 to 151 months in prison.  (*Id.* ¶ 58.)  Petitioner disputed the conclusions regarding the drug quantity, the use of violence, and the organizer or leader role, but the probation officer did not alter the recommendation.  (*Id.* at 22–23.)

Before the sentencing hearing, Petitioner filed objections with the Court regarding the drug quantity and withdrew the objection regarding the use of violence.  (Objections to PSR, ECF No. 533, 542).  In his written arguments, Petitioner did not address the enhancement for the organizer or leader role.  (*Id.*; *see also*, Sentencing Memorandum,

ECF No. 545; Motion for Variant Sentence, ECF No. 544.)   In its memorandum, the

Government noted:

> The PSR suggests that the defendant was an organizer or a leader of the
> conspiracy involving more than five participants and that, accordingly, four
> levels apply pursuant to USSG §3B1.1(a). Since the revision of the PSR,
> however, when agreeing to a COVID-plea reduction (two-levels), the parties
> have agreed to jointly recommend that the defendant was an organizer or
> leader pursuant to §3B1.1(c), so that only two levels apply.

(Amended Sentencing Memorandum at 2, ECF No. 546.)

In April 2021, the sentencing hearing occurred via a video conference with

Petitioner's consent.  (Sentencing Hearing, ECF No. 551; Sentencing Transcript at 2–6,

ECF No. 570.)  Based on its findings resolving some factual disputes, the Court tentatively

determined that the total offense level was thirty because of the base offense level of

twenty-six, the two-point enhancement for the use of violence, the four-point enhancement

for an organizer or leader, the two-point reduction for Petitioner's acceptance of

responsibility, and Petitioner's forfeiting of the one-level reduction through his actions

while in jail.  (Sentencing Transcript at 66–67; 70–71.)  The guideline sentencing range

would have been 135 to 168 months in prison.  (*Id.* at 67.)

When asked if Petitioner saw things differently, defense counsel argued in relevant

part, "On the leadership . . . the Government was going to recommend a two-level, not a

four-level on leadership."  (*Id.*)  The prosecutor responded, "No, I called you back and

reminded you . . . that that was something that we negotiated when we decided to do the

COVID plea."  (*Id.*)  Counsel replied, "Thank you, you're right, sorry."  (*Id.*)  The

prosecutor then asked to be heard further because "the parties have agreed to recommend

to the Court a three-level reduction for the COVID video." (*Id.* at 67–68.)  The Court granted the request, which produced a total offense level of twenty-seven. (*Id.* at 68.)  The final guideline sentencing range was 100 to 125 months. (*Id.* at 68–69.)  The Court sentenced Petitioner to 100 months in prison and four years of supervised release. (*Id.* at 87; Judgment, ECF No. 553.)

Petitioner filed an appeal challenging the conditions of supervised release; the First Circuit affirmed. *United States v. Cruz*, 49 F.4th 646, 648 (1st Cir. 2022).  Petitioner then filed the § 2255 motion.

## DISCUSSION

### A.    Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

"*[P]ro se* habeas petitions normally should be construed liberally in petitioner's favor." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).  When "a petition for federal habeas relief is presented to the judge

who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "[A] defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127–28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte.*" *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel

need not address both prongs of the *Strickland* test because a failure to meet either prong will undermine the claim. *Id.* at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

Under the law of the case doctrine, "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (internal modifications and quotation marks omitted); *see also Elwell v. United States*, 95 F.3d 1146, 1996 WL 516138 at *5 (1st Cir. 1996) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law"); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) (collecting cases and explaining limited exceptions).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v.*

6

*United States*, 368 U.S. 487, 495 (1962)).  A court can reasonably require a petitioner to supply the court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

**B.      The Organizer or Leader Enhancement and the Video Hearing**

The aggravating role enhancement contains three options with different effects on a guideline sentence: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive," the guideline offense level is increased by four points, U.S.S.G. § 3B1.1(a); "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive," the guideline offense level is increased by three points, *id.* § 3B1.1(b); and "If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b)" the guideline offense level is increased by two levels, U.S.S.G. § 3B1.1(c).

More than one person can qualify as an organizer or leader of a conspiracy, and the factors to consider when distinguishing between an organizer or leader role and a manager or supervisor role include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. 4; *United States v. Bedini*, 861 F.3d 10, 21 (1st Cir. 2017).

Petitioner argues his attorney provided ineffective assistance by failing to challenge the four-point enhancement because Petitioner contends there was insufficient evidence showing that he had the role of an organizer or leader. The record, however, does not support Petitioner's insufficiency argument. The record includes sufficient evidence to establish that the conspiracy involved at least six participants: Petitioner, Rickett, Lawson, Jordan, Canty, and Frisbie. Furthermore, because he acknowledged the accuracy of the Prosecution Version and the PSR, Petitioner admitted that:

- he "recruited additional conspirators who began distributing heroin in his absence, but at his direction." (Prosecution Version at 1.)

- at least two other conspirators "collected proceeds from the sales to customers of the conspiracy for [his] benefit." (Prosecution Version at 1.)

- he "used 'runners,' local low-level distributors, to redistribute drugs." (PSR ¶ 6.)

- a cooperating source at one point "began selling drugs for [him]." (PSR ¶ 10.)

- on recorded phone calls while he was in jail between November 2015 and February 2016, he "instruct[ed] [Frisbie] on prices and direct[ed] her" how to make calculations for specific drug purchases and said "You're in control now. You're the boss. You understand? You are the boss." (PSR ¶ 14.)[1]

Because the record evidence supports the inference that all or nearly all the pertinent factors weighed in favor of an organizer or leader role in the conspiracy, Petitioner has not shown that an objection to the enhancement would have been successful. Petitioner therefore fails

---

[1] Labels like "boss" do not resolve the issue because the commentary to the guideline specifies that titles "are not controlling," U.S.S.G. § 3B1.1 cmt. 4, but there is no reason to conclude they are not relevant evidence a court can consider.

to show that his attorney performed unreasonably or that Petitioner was prejudiced by his attorney's decision to forego an objection.[2]

The decision in *United States v. Canty*, 37 F.4th 775 (1st Cir. 2022), which involved two of Petitioner's co-defendants and was cited by Petitioner in support of his ineffective assistance claim, does not alter the conclusion.  The central issue on appeal in *Canty* involved multiple improper comments by the prosecutor at the trial of two of the co-defendants, Jordan and Canty.  *Id.* at 781.  After the jury returned a guilty verdict, the district court denied the defendants' motions for a new trial because it determined the evidence of guilt was strong enough that the improper comments did not affect the outcome of the trial.  *Id.* at 790.  The First Circuit reversed the district court's denial of the motions for new trial because although the evidence was sufficient for a jury to find a single overarching conspiracy, the evidence was not overwhelming as it could have supported the conclusion that the defendants "operated independently and indifferently to one another rather than in tandem, selling when and where it was convenient to do so with no overall coordination of effort and no agreement, tacit or otherwise, to assist one another in distributing drugs."  *Id.* at 796.

Contrary to Petitioner's argument, neither the timing of the trial nor the First Circuit's opinion demonstrates that Petitioner's attorney was ineffective by not challenging

---

[2] To the extent that Petitioner intended to argue that the evidence was only sufficient to establish that he was a manager or supervisor rather than an organizer or leader, that argument also fails because he has not shown that any of his coconspirators occupied a position of authority or superiority over Petitioner.  *See United States v. Payne*, 881 F.3d 229, 232 (1st Cir. 2018) ("this was not a five-person group with one supervisor reporting to someone else who organized or led the efforts of several groups.  This was a group of at least five participants in which Payne is fairly seen as a leader accountable to no one else").

the enhancement.  The First Circuit's analysis was based on the facts as presented at trial and focused on the potential impact of the prosecutor's improper statements during the trial.  The context and record upon which the Court would have assessed an objection to the enhancement in Petitioner's case would have been much different.  For instance, the record upon which the Court would have assessed the enhancement issue in Petitioner's case would have included the Prosecution Version and the PSR as Petitioner acknowledged the accuracy of the information in the filings.  The Prosecution Version and the PSR contain sufficient evidence to support the enhancement.  Petitioner, therefore, cannot prevail on his ineffective assistance claim based on counsel's decision not to challenge the organizer or leader enhancement.

Petitioner also argues that his attorney provided ineffective assistance by failing to require the Government to honor the original agreement to apply the two-level version of the enhancement rather than the four-level version.  The record suggests that the parties originally contemplated a two-level reduction for the agreement to proceed by video conference to be accomplished by agreeing to recommend the lesser § 3B1.1(c) enhancement rather than the greater § 3B1.1(a) enhancement.  Even though Petitioner ultimately received the greater enhancement, he also received a three-level downward variance for the video proceeding.  To the extent there was change from the original plan, the transcript suggests the change was only to the mechanism of achieving the agreed-upon total reduction and that the substance of the agreement did not change.  In other words, based on conversations between counsel and the Government before sentencing, Petitioner

ultimately received the same or an improved arrangement when compared to the original agreement.  Petitioner thus cannot show deficient performance or prejudice.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 15th day of June, 2023.

11